■ Daniel Solins, Respondent, v. Adele Klosky, Appellant.— In an action for the specific performance of a settlement agreement, and for other relief, the appeal is from a judgment entered after trial before a Special Referee directing the appellant, *inter alia*, to specifically perform the settlement agreement. The settlement agreement was entered into in open court. (See Rules Civ. Prac., rule 4.) Judgment unanimously affirmed, with costs. (See *Anders* v. *Anders*, 6 A D 2d 440.) Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ.

■ Frank Wiencko et al., Respondents, v. Herbert A. O'Brien et al., as Executors of Nellie Marincin, Deceased, Appellants.— In an action by the surviving spouse and the children of a decedent to set aside a deed and a purported last will and testament on the ground of undue influence, and for other relief, the appeals are (1) from a judgment entered after trial which, *inter alia*, set aside the deed and directed that it be cancelled of record and set aside and declared null and void the purported will, and (2) from an order denying appellants' motion to set aside the decision and to grant a new trial. Judgment and order unanimously affirmed, without costs. The record amply justifies the findings that appellants' testate, the grantee named in the deed and the principal beneficiary of the purported will, dominated the maker of the deed and the purported will, her sister, and that appellants failed to establish by clear evidence that there was no undue influence. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.